## NORTHERN PAC. R. CO. v. McCORMICK.

(Circuit Court of Appeals, Ninth Circuit. February 10, 1896.)

### No. 226.

1. PUBLIC LANDS—DECISIONS OF LAND DEPARTMENT—EFFECT OF PATENT.

The decisions of the land department in contested cases are conclusive only as to matters of fact within their jurisdiction, and a patent is not evidence of title to land which was not subject to disposition by the United States; but the question whether land included within a patent was, at the time of the issue thereof, a part of the public domain, or subject to such disposition, is always open for consideration.

2. SAME.

The N. R. Co. brought an action of ejectment to recover a parcel of land within the limits of a grant to it in aid of the construction of its road. The incorporation of the company, the grant by congress, the filing of the maps of the route, in accordance with the terms of the grant, and the fact that the land in question was within the limits of the grant, were alleged in the complaint, and admitted by the answer. The complaint also alleged that, on the day of the location of the road, the land was public land, not sold or otherwise appropriated. This was denied in the answer, which alleged that, from a time prior to the grant to the railroad company, the land had been occupied and improved by the defendant and those from whom he derived title. This was denied by plaintiff's reply. The answer also alleged that, at a time subsequent to the location of the road, the defendant applied to the land office to file his pre-emption on the land; that the railroad company disputed his right to do so, and a contest followed, which was carried up, by appeals, to the secretary of the interior, who held that the defendant was entitled to the land, and a patent was thereafter issued to him therefor. These allegations were not denied by the plaintiff's reply, and thereupon judgment was given for the defendant on the pleadings. Held error, since the adjudication of the land department and the issue of the patent were insufficient to overcome the presumption in favor of the title of the railroad company.

In Error to the Circuit Court of the United States for the District of Montana.

F. M. Dudley, Cullen & Toole, and Joseph D. Redding, for plaintiff in error.

Toole & Wallace, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The plaintiff in error brought an action of ejectment in the court below against the defendant in error for the recovery of the possession of the N. W. ¼ of section 21, township 13 N., range 18 W., P. M., Montana. Judgment was rendered for the defendant upon the pleadings, and the sole question presented upon the writ of error is whether or not such judgment was erroneous. It is alleged in the complaint that the plaintiff is a corporation created under the act of congress approved July 2, 1864, with authority to build a railroad from Lake Superior to Puget Sound, and that it has built such railroad, and earned the land grant which was provided for in section 3 of said act; that the map of the general route of said railroad through the territory of Montana was filed on the 21st day of February, 1872; that the map of definite route through said territory was filed on the 6th day of July, 1882; that the land in controversy lies in one of the sections granted by the act, and is within 40 miles of the line of general route and of the line of definite route; and that the land is agricultural, and not mineral. All these averments are admitted in the answer. The complaint further alleges that on the day of location of the general route of 1872, and on the day of the definite location in 1882, the land in controversy was public land of the United States, to which it had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights. The answer denies this allegation, and states that in January, 1864, one Higgins entered into the possession of the land, which was then unappropriated; that he erected improvements, and inclosed a portion thereof with a fence; that thereafter he continued to occupy and possess the same, until he sold his rights to others, and, through mesne conveyances, to the defendant, who, on the 6th day of January, 1881, became the owner of Higgins' claim to the land; that the land has been occupied continuously from July 1, 1862, to the time of the commencement of this action, by persons who were entitled to enter the same under the public land laws of the United States. These allegations of the answer are denied in the reply. The defendant, in his answer, proceeded further to allege the facts upon which judgment was granted in his favor in the court below, which, in substance, are as follows: That some time after January 6, 1881, the date whereof is not stated, but elsewhere appears to be May 1, 1889, the defendant applied to the United States land office, at Helena, Mont., to file his pre-emption on said land; that the plaintiff appeared and contested said filing; that, after a hearing and full proof, the register and

receiver decided that the defendant was entitled to enter said land under the laws of the United States, and that the plaintiff had no right, title, or interest therein, said land being reserved from the land grant to the railroad company; that from this decision in the land office at Helena an appeal was taken to the commissioner of the general land office, and then to the secretary of the interior, whereupon the decision was affirmed, and it was held that the defendant was entitled to hold and possess said land under the public land laws of the United States, and that the plaintiff had no right, title, or interest therein; that the defendant filed his declaratory statement with the register and receiver at Helena, Mont., to preempt said land on the 1st day of May, 1889; that he afterwards changed his pre-emption entry to a homestead entry, and paid the register and receiver the necessary fees therefor; that on March 20, 1891, he made final proof, and that the plaintiff made no objection or protest thereto; · that the proof was accepted by the land office, and a patent issued to the defendant on November 16, 1891.

What are the facts, then, which are admitted in the pleadings, and upon which judgment was rendered? They are, in brief, that the land in controversy is in an odd-numbered section, and lies within the place limits of the land grant to the plaintiff; that said land was, at the date of the grant, as well as at the date of filing the map of the general route, and at the time of the definite location of the road, unsurveyed public land; that it was not excepted from the grant by reason of being mineral land; that it has been patented to the defendant as a homestead claimant, and has been by the land department decided to be subject to his homestead claim, in a contest between him and the plaintiff, upon proceedings the initial step of which was taken in the local land office, seven years subsequent to the date of the definite location of the road. There is but one question, therefore, for determination in this court, and that is whether the adjudication of the land department and the issuance of the patent overcome the presumption that otherwise would obtain in favor of plaintiff's title, and prove the title to be vested in the defendant.

The decisions in the land department in contested cases are conclusive only as to matters of fact which come within their jurisdiction, and a patent is not evidence of title to land which was not subject to disposition by the United States. Barden v. Railroad Co., 154 U. S. 327, 14 Sup. Ct. 1030; Best v. Polk, 18 Wall. 112; Morton v. Nebraska, 21 Wall. 660; Sherman v. Buick, 93 U. S. 209; Wright v. Roseberry, 121 U. S. 488, 7 Sup. Ct. 985; Mining Co. v. Campbell, 135 U. S. 286, 10 Sup. Ct. 765. As the pleadings stood at the time judgment was rendered, all the facts essential to the establishment of. the plaintiff's title were alleged, and were undisputed, save only as they are affected by the adjudication referred to in the answer and the patent so issued. The adjudication was had upon an entry confessedly made long after the title passed to the railroad company. No state of facts appears, and none is conceivable, upon which the right of the defendant could relate back to a period anterior to the time when the grant to the plaintiff be-

came vested, except the alleged facts so pleaded in the answer, predicating the defendant's right upon a settlement on the land made before the date of the grant. Those allegations are excluded from consideration here by reason of their denial in the reply. It is not stated in the answer that the decision of the land department was based upon proof of such alleged prior settlement, or that the effect of such settlement or claim was considered in the determination of said contest. The adjudication, therefore, cannot be held to affect the legal rights of the plaintiff, nor divest it of its title. The patent was issued to land the title to which thus appears to have passed from the United States. The question whether land which is included within a patent was, at the time of the issuance of the patent or at the time the rights thereunder accrued, a part of the public domain, or subject to such disposition, is always open for consideration; and the right of the real owner of such land is not affected by the unauthorized action of the officers of the government in so issuing such instrument. The uncontroverted allegations of the answer were insufficient, therefore, to sustain the judgment; and the judgment is reversed at the cost of the defendant in error, and the cause is remanded to the circuit court for trial.